UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Cavanaugh,

Plaintiff,

v.

Liberty Mutual Insurance Company,

Defendant.

Civil No. 00-1674 (DSD/JMM)

**STIPULATION AND PROTECTIVE ORDER**

It is anticipated that the parties will be producing documents that will be regarded as proprietary and confidential by the party producing them.

The parties agree that any disclosure of such proprietary and confidential documents shall not occur except as necessary for the purposes of this litigation.

This protection stipulated to by the parties is the most appropriate means for protecting the fairness of the judicial and discovery process.

Rule 26 (c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as contained herein.

Accordingly, IT IS STIPULATED among the parties as follows:

1. Materials and information protected by this Order are defined as "Confidential Information" and shall include all information and documents, portions of any deposition testimony and transcript, interrogatory answers, responses to requests for admission, papers filed with the court in this case, and any other discovery material designated as "Confidential" by either party and which discloses any information regarding:

   (a) personnel information regarding other employees;

   (b) financial and/or proprietary information concerning Defendant, including but not limited to Defendant's financial statements and



FEB 26 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

financial reports;

(c) confidential analyses of Defendant's labor relations practices, including but not limited to provisions contained in collective bargaining agreements and/or Defendant's personnel policies relating to wages;

(d) medical records of any insured of Liberty Mutual, whether or not such records contain redacted names and/or identifying information, (as described in Paragraph 8 of this Agreement); and

(d) any document referring or relating to medical or psychiatric treatment sought or received by Plaintiff.

Should either party wish to add additional categories to this agreement, the proposing party may do so in a letter to the other party which, if agreed to in writing, shall become and be treated as part of this agreement.

2. Pages of any document claimed by either party to be "confidential" or to make reference to confidential information derived from confidential documents pursuant to the terms of this order shall be stamped "CONFIDENTIAL" so as to establish that they are protected from disclosure pursuant to this order. Either party may object to the designation of any information as "confidential" pursuant to paragraph 1, and, if the parties are unable to resolve the objection, the dispute over the objection may be submitted to the Court. Notwithstanding the objection, such document and the contents thereof shall be treated as confidential until a contrary determination is made by written agreement of the parties or by order of this Court.

3. In connection with this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise but does not include testimony, argument or use of documents at trial. The admissibility, confidentiality, and use of all confidential documents or information derived from confidential documents at trial shall be subject to further order of the court.

4. Confidential information shall be used by the parties solely for the purposes of this litigation and not for any other purpose. Control and disclosure of all

discovery material covered by this order shall be the responsibility of the attorneys of record.

No party shall disclose confidential documents or information derived from such documents to any person except as provided in this order. Confidential documents, and the contents thereof, shall not be used for any business, commercial, competitive or personal reason. Confidential documents and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation:

a. Counsel, whether or not employees of any party, representing any party in this litigation and their employees;

b. Any person retained by counsel described in paragraph 2(a) to assist in the preparation and trial of this litigation, including experts and paralegals;

c. Any employee of any party who is either required by such party or requested by counsel to work directly on this litigation, provided, however, that such confidential documents and information shall be disclosed to the individual only to the extent necessary to perform such work;

d. The author and addressees of the documents;

e. The court and any persons employed by it working on this litigation; and

f. Deposition reporters.

5. Each person to whom disclosure of confidential documents and information is permitted by the parties pursuant to paragraphs 4(b) through 4(d) above shall be shown a copy of this order and shall execute an acknowledgment in writing that he or she has received a copy of this order and is familiar with the provisions of it, and all such persons shall :

a. Be bound thereby;

b. Not use such document or information for any purpose other than in connection with the prosecution or defense of this action;

c. Not reveal such document or information to any person other than a person

who has received a copy of this order and is subject to its provisions; and

d. On termination of his or her connection with this action, return such document or information to the counsel who disclosed it in the first instance.

6. From time to time, if any party in this action deems it necessary for the preparation of the trial of this action to disclose any Confidential Document to any person or entity other than those described in Paragraph 4, the parties shall utilize the following procedure:

a. The receiving party shall serve on the producing party a notice identifying the person or entity to whom disclosure is proposed to be made, together with a designation of the specific Confidential Documents, or information contained therein which would be disclosed to each such person, party, or entity. Such notice shall be accompanied by a copy of this order signed on the last page by each such person, or by a director, officer, partner, or authorized agent of such entity, as Acknowledgment and Agreement that he is fully familiar with the terms of this Order and that he will not disclose any Confidential Document, or any information contained therein to any other person without further order of the Court.

b. If the producing party objects to the disclosure of any designated Confidential Document, or any of the persons named in such notice, s/he shall communicate his objections in writing within fourteen (14) days after receiving such notice, or such additional time as may be agreed upon, to the party proposing the disclosure.

c. After expiration of the time for communication of objections, the party proposing the disclosure may proceed to make any disclosures covered by the notice which have not been objected to by the opposing party.

d. Disclosures that are objected to shall not be made without further order of the Court. The party proposing the disclosure may move this Court at any time for an order allowing such disclosure despite the objections of the opposing party.

7. Nothing herein shall prevent any party from disclosing its own Confidential Document or information as it deems appropriate, and such disclosure shall not waive the protections of this Order with respect to any other Confidential Document(s), whether or not such other document(s) is related to the voluntarily

disclosed document or information.

8. With respect to Confidential Documents which consist of Medical Records of insureds of Liberty Mutual (as mentioned in Paragraph 1(d)), the parties expressly agree that, pursuant to this protective order, all names and identifying information contained in the medical records at issue shall be redacted before disclosure by Liberty Mutual in order to protect the confidential nature of the documents, and the privilege and privacy interests of Liberty Mutual and its patients.

9. Within 90 days of the final termination of this action by judgment or by compromise and settlement, each and every copy of all documents produced as Confidential Documents shall be returned, upon request, to the party from whom they originated, or shall be destroyed. If any such documents are not returned or destroyed, they shall remain in possession of the party only and those documents shall remain subject to this Protective Order until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Documents and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Documents.

10. Counsel for the parties, if any, may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Documents or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Protective Order.

11. This Order shall be without prejudice to the right of any party to oppose production of any information for any lawful grounds, and nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

12. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all parties, or by order of the court. The parties may seek modification of this Order immediately prior to trial for the sole purpose of expediting trial preparation and the presentation of evidence at trial.

Dated: February 8, 2001

Kelley V. Rea
Attorney for Plaintiff
1958 Penn Avenue South
Minneapolis, MN 55405-2219
(612) 374-4645

Theresa R. Shea
Attorney for Defendant
Seyfarth Shaw
55 East Monroe Street
Chicago, IL 60603-5803
(312) 269-8894

Dated: February 26, 2001

United States District Court Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.